## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN FARRELL | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| BAE SYSTEMS also known as BAE SYSTEMS | ) |
| SHARED SERVICES, INC., and BEN ATKINS, | ) |
| In his individual capacity | ) |
| | ) |
| DEFENDANTS. | ) |

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Damien Farrell, (hereinafter, Plaintiff) complains of Defendants Bae Systems Shared Services, Inc ("BAE" or "Defendant") and Ben Atkins, Individual ("Atkins" or "Defendant") as follows.

### NATURE OF THE CASE

1. This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.,* as amended ("Title VII")(RACE); the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

2. Plaintiff alleges that BAE has engaged in, and continues to engage in, a pattern and practice of employment discrimination, harassment, and retaliation,

1

intentional and systemic, on the basis of his race, color and/or national origin and due to his disability as more fully alleged below.

3. BAE's discriminatory practices include, but are not limited to, discrimination in job assignment, job scheduling, discipline and termination as alleged in this Complaint; failure to correct the racist behavior of co-workers and supervisors, promoting an environment of racial and ethnic intimidation and failing to act to protect him from persistent racial intimidation.

4. Plaintiff seeks injunctive and equitable monetary relief from these practices; compensatory and punitive damages; and an award of costs, expenses, and attorneys' fees for himself.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of Plaintiff's Section 1981 and Title VII claims pursuant to 28 U.S.C. §§1331 and 1343 as 42 U.S.C. §2000e-5(f)(3). This Court also has original jurisdiction under the ADA. This Court has supplemental jurisdiction of Plaintiff's PHRA claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(c) and 42 U.S.C. §2000-5(f) (3). BAE is subject to personal jurisdiction in this District in that it maintains facilities and business operations in this District, employed Plaintiff in this District and committed the discriminatory acts alleged herein in this District.

**PARTIES**

7. Plaintiff is an adult citizen of the Commonwealth of Pennsylvania.

8. Plaintiff is a disabled, African American male and is a member of a class of individuals protected against discrimination, harassment and/or retaliation on account of race/color/national origin as well as disability.

9. Defendant BAE is a company that provides some of the world's most advanced, technology-led defense, aerospace, and security solutions. It employs a skilled workforce of more than 93,000 people in around 40 countries. Working with customers and local partners, it develops, engineers, manufactures, and supports products and systems to deliver military capability, protect national security, and keep critical information and infrastructure secure with a principal place of business located at: 6-1 S. Richland Ave., York, PA 17403.

10. Defendant, Ben Atkins (hereinafter "Atkins") is an adult male and upon information and belief, resides within the Commonwealth of Pennsylvania. Atkins is in the supervisory chain relative to the Plaintiff and he aided and abetted in the decision to discipline and terminate the Plaintiff.

11. Plaintiff has anxiety and depression. Defendants were aware of Plaintiff's disabilities as he notified Human Resource Representatives, Amanda (LNU), and Amy (LNU) (hereinafter "HR") about his diagnosed disability.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. Plaintiff has complied with all administrative prerequisites to an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a); the ADA; and the PHRA.

13. Specifically, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission [hereinafter referred to as EEOC] which was dual filed with the Pennsylvania Human Relations Commission [hereinafter referred to as PHRC] and was docketed as 530-2023-03594 (see Plaintiff's **Exhibit A**).

14. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

15. Plaintiff has exhausted all available administrative remedies in accord with Title VII and the ADA prior to instituting this Civil Action and the Plaintiff received a right to sue letter as noted and attached above. His PHRA claims will be fully exhausted as of January 23, 2024, and he will seasonably amend to include those claims at that time.

16. No administrative prerequisites are required before a Plaintiff files a complaint pursuant to 42 U.S.C. Section 1981.

## INTRODUCTION

17. BAE's employment practices and systems discriminated against Plaintiff because of his race/color/national origin and because of his disability.

18. The discriminatory practices engaged in by BAE are intentional and systemic in nature and adversely affected the Plaintiff with respect to opportunities for promotion, transfer, job assignment, compensation, and termination and other terms and conditions of employment, as specifically summarized below.

19. Plaintiff is a 41-year-old disabled, African American male who worked for BAE as an Assembler II from February 15, 2020, to August 10, 2022.

20. As stated, Plaintiff is diagnosed with anxiety and depression. Plaintiff made Human Resource Reps, Amanda (LNU), and Amy (LNU) (hereinafter "HR") aware of his diagnosed disability. Plaintiff is substantially limited as to the major life activities of thinking, concentrating, and sleeping.

21. During his employment, Plaintiff avers that BAE falsely accused him of multiple issues in order to write him up so it could fire him due to his race. These false accusations and the harassment caused Plaintiff to experience stress and anxiety which led him to seek therapy for the same.

22. HR allegedly investigated false write ups and Plaintiff's allegations of harassment due to his race and disabilities when Plaintiff notified them of the

harassment as early as 2022. However, Plaintiff alleges that BAE failed to engage in good faith investigations about his reports of harassment.

23. Furthermore, the Union Representative, Tony (LNU) asked BAE how they knew the Plaintiff had violated a work policy if no one signed off on it and said he believed Plaintiff was blamed for other reasons.

24. Other co-workers who are non-disabled, and Caucasian committed similar offenses such as eating on the job and wearing inappropriate attire but were not targeted, harassed, or falsely accused.

25. Defendants thereafter terminated the Plaintiff without fully investigating the false allegations and his claims of a hostile work environment.

## FACTUAL ALLEGATIONS OF RACISM AT BAE

26. BAE alleges the Plaintiff violated rule A-2 on June 23, 2021.

27. Plaintiff received a verbal warning for the same.

28. BAE alleges the Plaintiff violated rule A-7 on October 4, 2021. However, Plaintiff was not responsible for the October 4, 2021, infraction as he was under training (trainer was Caucasian) at the time and was told by his Union representative that he should just take the discipline since if his trainer received the discipline he would likely be fired as it would be the trainer's final warning. Consequently, Plaintiff should not have received the discipline because he was in training and if not, then his June 2021 verbal warning would not have become

a written warning. Further, under the progressive disciplinary policy these disciplines would have dropped off being over more than one (1) year from when he received August 2022 warnings.

29. Next, BAE disciplined the Plaintiff in December 2021. Again, here, the discipline received in June 2021 and October 21, 2021, was used in conjunction with the December 2021 discipline to give the Plaintiff a three (3) day suspension. However, if the prior discipline should not have been applied, as discussed, the Plaintiff should not have had a three (3) day suspension.

30. In early July 2022, the Plaintiff avers he was approached by a second shift worker while handing off the assignments they had done in the earlier shift, and he was told that the worker really liked him, but he had been hearing that the Plaintiff was going to be "canned." The Plaintiff avers he then went to the second and third shift supervisors, human resources ("HR") and then to his shift union representative, telling them all he believed he was being targeted because he is black, and they all assured him he was not going to be fired.

31. Further, at the time the Plaintiff was discussing the concerns about being targeted, he told the supervisors, HR, and his union rep that he was experiencing anxiety and dealing with a lot of stress because of the targeting he had been experiencing. Accordingly, the Plaintiff began seeking out therapy and has been

in therapy since its inception following the harassment. Critically, HR told the Plaintiff they would investigate what was going on, but they never did.

32. Next, BAE claims the Plaintiff violated rule A-7 on July 20, 2022. However, the Plaintiff explained that he was not responsible for the alleged violation, but his co-worker, Marty (LNU) (Caucasian) was responsible. Marty confirmed this. Additionally, the records showed, and will show, that the Plaintiff was not the responsible party as all work done has to be tracked through BAE systems and the Plaintiff, upon checking the system, confirmed it was Marty's badge entry for that project. However, BAE did not remove the discipline.

33. Again, BAE points to an alleged violation by the Plaintiff of work policy A-2 regarding his wearing of short pants to work but he explained to his supervisor and Melissa Kilgore ("Kilgore") that on his way to work (while taking his child to school – the Plaintiff has sole custody of his child) he had stopped at McDonalds to get her some food and when doing so, the window clerk spilled coffee on his pants. Not wanting to be late, he took the child to school, changed his pants to shorts he had in his vehicle, and came to work with just a pair of shorts on, intending to do what many other workers had done, that is to get some welders pants. Kilgore authorized him to do so, but in so doing, he was given the write-up, although other Caucasian workers were not treated the same when they had to use the welder's pants in an emergency, or otherwise.

34. Plaintiff was also written up under rule A-9 for eating on the job, however, everyone does it as it is common practice to snack and BAE has waived this rule for all workers. Plaintiff therefore avers that Caucasian workers were not written up for the same behavior. Adkins, the Plaintiff's supervisor, had never had problems with eating on the floor until the Plaintiff raised his concerns that he was being targeted for termination because of his race, in early July 2022. The Plaintiff's co-workers, Tanya (Hispanic) and Marty (Caucasian) can vouch for the treatment he was receiving, the targeting, and the fact that he gave them notice and sought an investigation. It is believed that both are still employed with BAE.

35. Curiously, the Plaintiff was asked to continue working from July 21, 2022, through July 27, 2022, despite the discipline and suspension, and no action was taken until July 27, 2022, when he was disciplined.

36. On August 3, 2022, the Plaintiff was given a termination letter. BAE stated that he was being terminated due to four (4) "A" violations under the Company Work Rules in a 12-month period.

37. However, Plaintiff avers the discipline, suspension and termination as unjustified and merely a pretext because of his claims of anxiety and stress based on the racial targeting.

38. Defendant is responsible for the acts of its employees under a theory of *Respondeat Superior*.

39. Further, the unlawful actions of Adkins as his supervisor, which brought about a tangible employment action (i.e., ethnic intimidation, harassment and failure to investigate ongoing harassment) entitle Plaintiff to strict liability.

40. Once more, the Defendant failed to take any prompt remedial action to correct the discriminatory and harassing behavior once Plaintiff made it aware of the discrimination and harassment.

41. The Defendants action were continuing in nature meaning this case falls under the continuing violation theory.

**COUNT 1**
**VIOLATION OF 42 U.S.C. §1981**
**(DISCRIMINATION) – BAE ONLY**

42. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

43. By the conduct described above, Defendant BAE intentionally deprived the Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of his contractual employment relationship with BAE, in violation of 42 U.S.C. §1981 when it failed to investigate reports of harassment and eventually fired the Plaintiff.

44. Further, the Plaintiff was alleged to have violated numerous work rules during his employment which Caucasian employees were not disciplined or terminated for, and the Plaintiff was not responsible for many of the alleged violations.

45. Furthermore, to permit harassment to continue among co-workers and supervisors and retaliatory conduct as more fully noted above, such as the failure to investigate the Plaintiff's claims after he reported harassment, racist actions.

46. As a result of BAE's actions in violation of Section 1981, the Plaintiff has been denied employment opportunities providing substantial compensation and benefits thereby entitling him to injunctive and equitable monetary relief; has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of BAE's actions thereby entitling him to compensatory damages.

47. In its discriminatory actions, as alleged above, BAE has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

48. Further, the Defendant intentionally discriminated against Plaintiff due to his race, color, and national origin: African American.

49. To remedy the violations of the rights of the Plaintiff secured by Section 1981, Plaintiff requests that the Court award him the relief prayed for below.

**COUNT 2**
**VIOLATION OF 42 U.S.C. §1981**
**(HOSTILE WORK ENVIRONMENT)**
**ALL DEFENDANTS**

50. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

11

51. By the conduct described above, Defendants subjected the Plaintiff to racist actions such as unwarranted intimidation, threats, unwarranted write-ups, failure to investigate and termination.

52. The Plaintiff did not participate in or welcome the harassment.

53. Defendants' conduct was motivated by the Plaintiff's race/color/national origin.

54. The conduct of the Defendants was severe or pervasive since it sanctioned the use of, *inter alia*, intimidation, unwarranted write-ups and failure to investigate claims of racism in the workplace.

55. Plaintiff believed the work environment was hostile or abusive because of the supervisor's and co-workers' actions and Defendants' failure to investigate or take any remedial action.

56. Plaintiff suffered intimidation, unwarranted discipline, was forced to work jobs that required more than one person, while Caucasian employees were not required to do the same and he was terminated.

57. As a result of the Defendants' actions in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits thereby entitling him to injunctive and equitable monetary relief.

58. Further, Plaintiff has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendants' actions or inaction, thereby entitling him to compensatory damages.

59. In its harassment, as more fully alleged above, Defendants have acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award for punitive damages.

60. Further, the Defendant intentionally created a hostile work environment due to his race, color, and national origin: African American.

61. To remedy the violations of the rights of the Plaintiff secured by Section 1981, Plaintiff requests that the Court award him the relief prayed for below.

## COUNT 3
## VIOLATION OF 42 U.S.C. §1981
## (RETALIATION)
## ALL DEFENDANTS

62. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

63. Defendants took no action to investigate or remedy ongoing harassment.

64. Plaintiff reported that he was ill due to the harassment because of his race/color/national origin but again, no action was taken by the Defendants.

65. 42 U.S.C. §1981 prohibits retaliation against one whom engaged in protected activity including reporting racism and racist policies in the workplace.

66. Plaintiff engaged in protected activity (i.e., reporting harassment and unwarranted discipline) in July 2022 before his termination.

67. Further, the Plaintiff's direct supervisor, Atkins, was the one he claims was harassing him because of his race, therefore he is entitled to strict liability for that harassment occurring.

68. Furthermore, there was a causal connection between the reporting of the harassment and his termination on August 3, 2022 as no investigations were undertaken, Plaintiff claimed his illnesses resulted from the hostile work environment and he experienced both a temporal proximity between the reports and his termination as well as a substantial period of antagonism both before the reports of harassment (while being harassed unwarranted discipline and by a supervisor for eating on the floor) and after he made internal BAE reports of harassment to the time of his termination.

69. If not for Plaintiff's engaging in protected activity the Defendants would not have taken action to deprive him of his job through allegations of violation of work rules, unwarranted suspension, and termination.

70. As a result of the Defendants' actions in violation of Section 1981, the Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendants actions or inaction, thereby entitling him to compensatory damages.

71. In its retaliatory actions, as alleged above, the Defendants have acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

72. Further, Defendants intentionally discriminated, retaliated, and created a hostile work environment against Plaintiff as more fully described above, and more specifically below, due to his race, color, and national origin: African American.

73. To remedy the violations of the rights of the Plaintiff secured by Section 1981, Plaintiff requests that the Court award him the relief prayed for below.

**COUNT 4**
**VIOLATION OF TITLE VII**
**(DISCRIMINATION)**
**BAE ONLY**

74. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

75. By the conduct described above, Defendant BAE intentionally deprived the Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of his contractual employment relationship with BAE, in violation of 42 U.S.C. §1981 when it failed to investigate reports of harassment and eventually fired the Plaintiff.

76. Further, the Plaintiff was alleged to have violated numerous work rules during his employment which Caucasian employees were not disciplined or terminated for, and the Plaintiff was not responsible for many of the alleged violations.

77. Furthermore, to permit harassment to continue among co-workers and supervisors and retaliatory conduct as more fully noted above, such as the failure to investigate the Plaintiff's claims after he reported harassment, racist actions.

78. As a result of BAE's actions in violation of Section 1981, the Plaintiff has been denied employment opportunities providing substantial compensation and benefits thereby entitling him to injunctive and equitable monetary relief; has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of BAE's actions thereby entitling him to compensatory damages.

79. In its discriminatory actions, as alleged above, BAE has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

80. Further, the Defendant intentionally discriminated against Plaintiff due to his race, color, and national origin: African American.

81. To remedy the violations of the rights of the Plaintiff secured by Title VII the Plaintiff requests that the Court award him the relief prayed for below.

## COUNT 5
## VIOLATION OF TITLE VII
## (HOSTILE WORK ENVIRONMENT)
## BAE ONLY

82. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

83. By the conduct described above, Defendants subjected the Plaintiff to racist actions such as unwarranted intimidation, threats, unwarranted write-ups, failure to investigate and termination.

84. The Plaintiff did not participate in or welcome the harassment.

85. Defendants' conduct was motivated by the Plaintiff's race/color/national origin.

86. The conduct of the Defendants was severe or pervasive since it sanctioned the use of, *inter alia*, intimidation, unwarranted write-ups, and failure to investigate claims of racism in the workplace.

87. Plaintiff believed the work environment was hostile or abusive because of the supervisor's and co-workers' actions and Defendants' failure to investigate or take any remedial action.

88. Plaintiff suffered intimidation, unwarranted discipline, was forced to work jobs that required more than one person, while Caucasian employees were not required to do the same and he was terminated.

89. As a result of the Defendants' actions in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits thereby entitling him to injunctive and equitable monetary relief.

90. Further, Plaintiff has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendants' actions or inaction, thereby entitling him to compensatory damages.

91. In its harassment, as more fully alleged above, Defendants have acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award for punitive damages.

92. Further, the Defendant intentionally created a hostile work environment due to his race, color, and national origin: African American.

93. To remedy the violations of the rights of the Plaintiff secured by Title VII, the Plaintiff requests that the Court award him the relief prayed for below.

## COUNT 6
## VIOLATION OF TITLE VII
## (RETALIATION)
## BAE ONLY

94. Plaintiff hereby repeats all preceding paragraphs as though fully set forth.

95. Defendants took no action to investigate or remedy ongoing harassment.

96. Plaintiff reported that he was ill due to the harassment because of his race/color/national origin but again, no action was taken by the Defendants.

97. 42 U.S.C. §1981 prohibits retaliation against one whom engaged in protected activity including reporting racism and racist policies in the workplace.

98. Plaintiff engaged in protected activity (i.e., reporting harassment and unwarranted discipline) in July 2022 before his termination.

99. Further, the Plaintiff's direct supervisor, Atkins, was the one he claims was harassing him because of his race, therefore he is entitled to strict liability for that harassment occurring.

100. Furthermore, there was a causal connection between the reporting of the harassment and his termination on August 3, 2022 as no investigations were undertaken, Plaintiff claimed his illnesses resulted from the hostile work environment and he experienced both a temporal proximity between the reports and his termination as well as a substantial period of antagonism both before the

reports of harassment (while being harassed unwarranted discipline and by a supervisor for eating on the floor) and after he made internal BAE reports of harassment to the time of his termination.

101.    If not for Plaintiff's engaging in protected activity the Defendants would not have taken action to deprive him of his job through allegations of violation of work rules, unwarranted suspension, and termination.

102.    As a result of the Defendants' actions in violation of Section 1981, the Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendants actions or inaction, thereby entitling him to compensatory damages.

103.    In its retaliatory actions, as alleged above, the Defendants have acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

104.    Further, Defendants intentionally discriminated, retaliated, and created a hostile work environment against Plaintiff as more fully described above, and more specifically below, due to his race, color, and national origin: African American.

105. To remedy the violations of the rights of the Plaintiff secured by Title VII, the Plaintiff requests that the Court award him the relief prayed for below.

## COUNT 7
## ADA DISABILITY-HOSTILE WORK ENVIRONMENT
## BAE ONLY

106. Plaintiff incorporates herein the previous averments as if fully set forth.

107. The Plaintiff avers that he is a qualified individual with a disability under the ADA due to his anxiety and depression and Defendant's notice of the same. Additionally, the Plaintiff has been under a physician's and therapist's care for his disabilities since he was diagnosed.

108. The Plaintiff was subject to unwelcome harassment after he reported race-based harassment, i.e., unwarranted write ups, violated for eating on the floor when Caucasian employees did the same, and reports of anxiety and stress.

109. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment because the Plaintiff was harassed due to his race and because of his disability and reports of the same when his supervisor, human resources and corporate relations bullied and intimidated him for his reports.

110. Defendant knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff by discipling him, suspending him and firing him.

111.    The fact that the Plaintiff's supervisor was a perpetrator of the harassment entitles the Plaintiff to strict liability for his claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief as well as all reasonable attorney's fees and costs of litigation.

**COUNT 8**
**ADA DISABILITY RETALIATION**
**BAE ONLY**

112.    Plaintiff incorporates herein the previous averments as if fully set forth.

113.    The ADA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for accommodation in the workplace or to have otherwise opposed practices made unlawful under the law.

114.    The Plaintiff's reports of harassment causing stress and anxiety in the workplace and his opposition to the failure to investigate constituted "protected activity" pursuant to state and federal law.

115.    Defendants retaliated against the Plaintiff on account of his protected activity when they wrote him up for unwarranted violations, suspended him and fired him after his reports of stress and anxiety based on racism in July 2022.

116.     As a result, the Plaintiff avers that Defendant retaliated against him on account of his protected activity by suspending him and terminating after reports of racism and stress caused thereby. Thus, the cause of his termination was related to uninvestigated hostilities and retaliation on the basis of disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief and all reasonable attorney's fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant him relief as specified below.

117.    Plaintiff prays that the Court issue injunctive relief pursuant to §1981, Title VII, and the ADA, enjoining Defendant BAE, its officers, agents, employees, and all others acting for or succeeding BAE, from engaging in the discriminatory employment practices alleged in this complaint that discriminate against the Plaintiff in violation of Section 1981, Title VII, and the ADA.

118.    The Plaintiff prays that the Court issue an order requiring that Defendant BAE formulate, institute, adopt and maintain policies and practices which will provide equal employment opportunities to the Plaintiff which will to the extent practicable remedy the continuing effects of past discrimination against the

Plaintiff and restore him to the employment status and position he would have held and enjoyed but for the unlawful discrimination complained of herein.

119. The Plaintiff further prays that the Court award monetary relief as follows:

a. Order Defendants to pay equitable monetary relief, compensatory and punitive damages to the Plaintiff as are asserted under Section 1981 in an amount to be proven at trial.

b. Order BAE to pay equitable monetary relief, compensatory and punitive damages within the limits of 42 U.S.C. §1981a (a) (1), or as otherwise statutorily applicable, to the Plaintiff on the claims asserted under Title VII in an amount to be proven at trial; and

c. Order BAE to pay equitable monetary relief, compensatory and punitive damages to the Plaintiff on the claims he has asserted under the ADA in an amount to be proven at trial.

d. The Plaintiff further prays the Court award him other costs, expenses, and attorneys' fees, payable by Defendants (as applicable) by determining that the Plaintiff is a prevailing party on his Causes of Action, and awarding the Plaintiff his reasonable costs, expenses, and attorneys' fees incurred in bringing this action.

120. The Plaintiff prays that the Court order Defendants (as applicable) to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as provided by law.

121.  The Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period of time to assure that Defendant BAE has fully complied with the order requested herein and has remedied to the greatest extent practicable the discriminatory policies and practices complained of herein, and BAE is operating in full compliance with the requirements of §1981, Title VII, and the ADA with regard to its employment policies and practices.

122.  The Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 7th day of December 2023.

<u>*By: /s/ Jeremy A. Donham, Esquire*</u>
Jeremy Donham, (206980)
**DONHAM LAW**
714 Venture Drive, Ste. 144
Morgantown, West Virginia 26508
717.881.7855 (Phone)
Email: J.Donham@Donhamlaw.com

Charles J. Hobbs (209321)
**THE HOBBS LAW FIRM**
256 E. Market Street
York, PA 17403
717.793-2398 (Phone)
Email: chobbs@thehobbslawfirm.com

Jesse C. Markley (315758)
**Markley Law Firm, LLC**
1350 Woodridge Dr.
Middletown, PA 17057
717.376.8403 (Phone)
Email: MarkleyLawFirm@gmail.com

*Co-Counsel for Plaintiff*